## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **RICARDO QUILES, JR.,** | : | |
| | : | |
| Plaintiff, | : | Case No.: |
| | : | |
| vs. | : | |
| | : | |
| **HOME DEPOT, USA, INC.,** | : | |
| | : | |
| Defendant. | : | July 10, 2018 |
| | | |
| | | **Jury Trial Demanded** |

### COMPLAINT

Plaintiff, Ricardo Quiles, Jr., by and through his attorneys, Sabatini and Associates, LLC, complaining of the defendant, Home Depot USA, Inc., respectfully alleges:

### PARTIES

1.  Plaintiff, Ricardo Quiles, Jr., is a citizen and resident of the State of Connecticut.

2.  Defendant, Home Depot USA, Inc., was and is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 2455 Paces Ferry Road, Atlanta, Georgia 30339.

3.  At all times material, plaintiff was an employee within the meaning of the ADA Amendments Act of 2008 (ADAAA).

4.  At all times material, defendant was an employer within the meaning of the ADAAA.

5.  At all times material, plaintiff was an employee within the meaning of the Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-60(a) *et seq.*

6. At all times material, defendant was and employer within the meaning of the Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-60(a) *et seq.*

7. At all times material, plaintiff was an eligible employee as that term is defined by the Family and Medical Leave Act of 1993 (FMLA).

8. At all times material, defendant employed fifty (50) or more employees at plaintiff's former worksite for twenty or more weeks in 2015 and 2016 in an industry affecting interstate commerce. Accordingly, defendant is an employer covered by the FMLA.

## JURISDICTION AND VENUE

9. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: The Americans with Disabilities Act Amendments Act of 2008, cited as 42 U.S.C. §12101.

10. This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in the State of Connecticut.

11. The Court has pendent jurisdiction over the state law claims.

## GENERAL ALLEGATIONS

12. Defendant employed plaintiff.

13. Defendant employed plaintiff at its Fairfield, Connecticut store location.

14. Plaintiff's job title was sales associate.

15. Plaintiff has a physical disability

16. Plaintiff suffers from degenerative disc disease.

17. The degenerative disc disease includes herniated discs in plaintiff's lumbar

spine.

18. Degenerative disc disease is a chronic condition.

19. The degenerative disc disease when activated or aggravated substantially limits one or more major life activities including lifting.

20. When the degenerative disc disease is symptomatic, plaintiff requires medical attention and treatment.

21. Plaintiff injured his back while working for the defendant.

22. Because of the work-related job injury, plaintiff took a medical leave of absence.

23. The medical leave of absence was necessary for plaintiff to undergo medical care and treatment so he could regain the ability to work for the defendant.

24. On May 4, 2016, plaintiff was released to work by his treating doctor.

25. On May 5, 2016, plaintiff contacted defendant and informed the defendant that he could return to work with a lifting restriction in place.

26. Defendant informed plaintiff that he needed to provide a copy of the doctor's return to work letter/note, go to the Fairfield store, and fill out work accommodation forms.

27. Defendant told plaintiff that its human resources department and store manager Jack Cruz would contact him.

28. Defendant employed Jack Cruz.

29. Jack Cruz is a store manager.

30. Jack Cruz is a supervisory employee.

31. In May 2016, plaintiff delivered the completed forms and return to work

note to defendant.

32. Defendant told plaintiff that it would contact the store manager (Cruz) to have plaintiff returned to work and that the Fairfield store would let him know when to return.

33. During the last week of May 2016, plaintiff contacted defendant and inquired about his status of returning to work.

34. Defendant told plaintiff to contact Cruz.

35. During the first week of June 2016, plaintiff walked into the Fairfield store and spoke with Cruz.

36. Cruz told plaintiff that he could not return him to work.

37. During the last week of June 2016, plaintiff contacted defendant's HR services.

38. HR services transferred plaintiff to its medical division.

39. Defendant has a medical division.

40. Plaintiff contacted the medical division by leaving a voicemail message.

41. During the third week of August 2016, plaintiff contacted HR services again.

42. HR services again transferred plaintiff to the medical division.

43. In turn, plaintiff left another voicemail for the medical division.

44. In September 2016, plaintiff again contacted defendant's HR services seeking return to work.

45. Defendant again transferred plaintiff to its medical division.

46. Plaintiff left another voicemail for the medical division.

47. On May 11, 2017, plaintiff's 401k representative contacted plaintiff to inquire about his return to work status.

48. In May 2017, plaintiff spoke to a supervisor from defendant's HR services.

49. The supervisor told plaintiff that he needed to provide them with an updated doctor's note stating that he had no lifting restrictions.

50. Defendant has a light duty policy for employees injured on the job.

51. On or about May 31, 2017, plaintiff provided defendant with a doctor's note stating that he had no restrictions.

52. Defendant did not permit plaintiff to return to his job.

53. Plaintiff can perform the essential functions of the job with or without a reasonable accommodation.

54. Plaintiff filed a complaint of disability discrimination and failure to accommodate against defendant with the Connecticut Commission on Human Rights and Opportunities (CHRO) and the Equal Employment Opportunities Commission (EEOC).

55. The CHRO and EEOC complaint was filed on or about June 13, 2017.

56. Plaintiff filed the complaint with the CHRO and EEOC because defendant was not returning plaintiff to work.

57. Plaintiff was employed by defendant at the time he filed the CHRO and EEOC complaint.

58. Plaintiff was employed by defendant at the time defendant received notice of plaintiff's CHRO and EEOC complaint.

59. On or about July 7, 2017, defendant terminated plaintiff's employment.

60. At relevant times, plaintiff was qualified for the job.

61. On or about April 24, 2018, plaintiff received a Release of Jurisdiction from the CHRO (copy attached hereto as Ex.1).

62. On or about April 20, 2018 plaintiff received a right to sue letter from the EEOC. (copy attached hereto as Ex.2).

## FIRST COUNT
### ((Disability Discrimination in Violation of the ADAAA)

1. Plaintiff repeats the allegations in paragraphs 1 through 62 above as if fully incorporated herein.

63. Defendant's actions violate The Americans with Disabilities Act Amendments Act of 2008, which prohibits discrimination on the basis of disability.

64. Defendant, by and through its agents and/or employees, violated the Americans with Disabilities Act, in one or more of the following ways:

(a) In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

(b) In that defendant discriminated against the plaintiff in such a way that it adversely affected his status as an employee;

(c) In that defendant terminated plaintiff's employment;

(d) In that defendant treated the plaintiff adversely different from similarly situated employees;

(e) In that defendant discriminated against the plaintiff for requiring a reasonable accommodation; and

(f) In that defendant intentionally discriminated against the plaintiff.

65. As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment

opportunities because of his disability.

66. As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

67. As a further result of defendant's termination and discrimination of the plaintiff, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

68. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

69. Defendant exhibited reckless indifference to the plaintiff's civil rights by terminating his employment on the basis of his disability.

## SECOND COUNT
### (Disability Discrimination in Violation of C.G.S. §46a-60(a)(1))

1. Plaintiff repeats the allegations in paragraphs 1 through 69 above as if fully incorporated herein.

70. Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq.* in one or more of the following ways.

(a) In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

(b) In that defendant discriminated against the plaintiff in such a way that adversely affected his status as an employee;

(c) In that defendant treated the plaintiff adversely different from similarly situated employees;

(d) In that defendant terminated plaintiff's employment on account of his disability;

(e) In that defendant intentionally discriminated against the plaintiff;

(f) In that defendant discriminated against the plaintiff for requiring a reasonable accommodation

71. As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of her employment and equal employment opportunities because of his disability.

72. As a direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

73. As a further result of defendant's termination and discrimination of the plaintiff, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

74. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

### THIRD COUNT
### (Failure to Provide Reasonable Accommodation in Violation of the ADA Amendments Act of 2008)

1. Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 74 as though fully set forth herein.

75. Defendant, by and through its agents, servants, and/or employees, violated the ADA Amendments Act of 2008 in one or more of the following ways.

(a) In that defendant failed to provide the plaintiff with a reasonable accommodation;

(b) In that defendant denied the plaintiff a reasonable accommodation;

(c) In that defendant failed to initiate an interactive reasonable accommodation process with the plaintiff;

(d) In that defendant failed to engage in an interactive reasonable accommodation process with the plaintiff.

76. As a direct and proximate result of defendant's reasonable accommodation denial, plaintiff has been deprived of work and equal employment opportunities because of his disability.

77. As a further direct and proximate result of defendant's failure to accommodate, plaintiff has been deprived of income and wages, and has been deprived of access of certain benefits to which he was entitled under defendant's employee benefits plan, and interest.

78. As a further result of defendant's failure to accommodate, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

79. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

80. The defendant exhibited reckless indifference to the plaintiff's civil rights.

## FOURTH COUNT
### (Failure to Accommodate in Violation of C.G.S. §46a-60(a)(1))

1. Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 80 as though fully set forth herein.

81. Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq.* in one or more of the following ways:

(a) In that defendant failed to provide the plaintiff with a reasonable accommodation;

(b) In that defendant denied the plaintiff a reasonable accommodation;

(c) In that defendant failed to initiate an interactive reasonable accommodation process with the plaintiff;

(d) In that defendant failed to engage in an interactive reasonable accommodation process with the plaintiff.

82. As a direct and proximate result of defendant's failure to accommodate, and termination, plaintiff has been deprived of work and equal employment opportunities because of his disability.

83. As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income and wages, and has been deprived of access of certain benefits to which he was entitled under defendant's employee benefits plan, and interest.

84. As a further result of defendant's failure to accommodate, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental

anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

85. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## FIFTH COUNT
### (Retaliation in Violation of the ADA)

1. Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 85 as though fully set forth herein.

86. Defendant, by and through its agents, servants, and/or employees, violated the ADA in one or more of the following ways.

    a. In that defendant retaliated against the plaintiff for requesting a reasonable accommodation.

    b. In that defendant retaliated against the plaintiff for opposing defendant's discriminatory acts and/or omissions;

    c. In that defendant retaliated against plaintiff for filing a CHRO and EEOC complaint against defendant.

87. As a result of defendant's retaliation, plaintiff suffered damages including: loss of income, wages and employee benefits, and harm to his professional reputation.

88. As a further result of defendant's retaliation, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

89. Plaintiff has suffered and will continue to suffer injuries as a result of defendant's retaliatory acts.

## SIXTH COUNT
### (Retaliation In Violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(1))

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

90. Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-609(a)(1) *et seq.* in one or more of the following ways.

   a. In that defendant retaliated against the plaintiff for requesting a reasonable accommodation.

   b. In that defendant retaliated against the plaintiff for opposing defendant's discriminatory acts and/or omissions;

   c. In that defendant retaliated against plaintiff for filing a CHRO and EEOC complaint against defendant.

91. As a result of defendant's violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(4), plaintiff suffered damages including: loss of employment, loss of income and wages and benefits, and harm to his professional reputation.

92. As a further result of defendant's retaliatory conduct, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other

pecuniary and non-pecuniary losses.

93. Plaintiff has suffered and will continue to suffer injuries as a result of defendant's wrongful and retaliatory acts.

## SEVENTH COUNT
## (FMLA Discrimination/Retaliation)

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

94. Plaintiff invoked his right to FMLA-qualifying leave.

95. Defendant, by and through its agents, retaliated against the plaintiff for the exercise or attempted exercise of his rights under the FMLA in one or more of the following ways:

    (a) by terminating plaintiff's employment;

    (b) by failing to reinstate the plaintiff.

96. As a direct and proximate result of defendant's retaliation and/or discrimination, plaintiff suffered and sustained damages, including but not limited to: lost wages, lost employee benefits, and other expenses and financial losses that would not otherwise have been incurred.

97. Some or all of defendant's actions have been willful.

## EIGHTH COUNT
## (Retaliation in Violation of C.G.S. Section 31-290a)

1. Plaintiff repeats the allegations in paragraphs 1 through 97 above as if fully incorporated herein.

98. Defendant's termination of plaintiff's employment, by and through its agents and/or employees, was retaliatory and discriminatory in violation of Connecticut

13

General Statutes Section 31-290a in one or more of the following ways:

    (a)    In that defendant terminated plaintiff's employment as a result of plaintiff's filings for workers' compensation benefits;

    (b)    In that defendant discriminated against the plaintiff for filing a workers' compensation claim;

    (c)    In that defendant terminated plaintiff as a result of his exercise of his rights under the Workers' Compensation Act.;

    (d)    In that defendant retaliated against plaintiff for exercising his rights under Connecticut's Workers' Compensation Act to work temporary modified or light duty while recovering from a work-related injury.

99.    As a proximate result of defendants' unlawful conduct, plaintiff has been deprived of his employment.

100.    As a proximate result of defendant's unlawful conduct, plaintiff has been deprived of income and wages, and has been deprived of access of certain benefits to which she was entitled under defendant's employee benefit plan.

101.    As a further result of defendant's retaliatory termination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

102.    Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's unlawful conduct.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, bonuses, personal days, lost pension/employee/retirement benefits, consequential damages, emotional distress; punitive damages; reasonable attorneys' fees; costs; interest; job reinstatement; liquidated damages; damages pursuant to C.G.S. §31-290a; prejudgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

Dated:   July 10, 2018

James V. Sabatini, Esq. ct19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF

# EXHIBIT 1

# STATE OF CONNECTICUT
# COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Ricardo Quiles, Jr.
**COMPLAINANT**

CHRO No. 1720510
vs.
EEOC No. 16A-2017-01362

Home Depot, USA, Inc.
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:** April 24, 2018

Tanya A. Hughes, Executive Director

Service:
**Complainant:** Ricardo Quiles, Jr. (Via Email – dragonlegion34@gmail.com)
**Complainant's Attorney:** James V. Sabatini, Esq. (Via Email – jsabatini@sabatinilaw.com)
**Respondent's Attorney:** Natalie Reed (Via Email – natalie_miles_reed@homedepot.com)

# EXHIBIT 2

EEOC Form 161-B (11/16)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Ricardo Quiles<br>34 Hanford Avenue, Apt. 1<br>Bridgeport, CT 06605 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL *(29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2017-01362 | Amon L. Kinsey, Jr.,<br>Supervisory Investigator | (617) 565-3189 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Kenneth An*

Feng K. An,
Area Office Director

April 20, 2018
*(Date Mailed)*

Enclosures(s)

cc:
HOME DEPOT USA, INC.
2455 Paces Ferry Road
Atlanta, GA 30339

James V. Sabatini, Esq.
SABATINI & ASSOCIATES
One Market Square
Newington, CT 06111